IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19CR559 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| DEEPAK RAHEJA, | ) | UNOPPOSED MOTION FOR |
| GREGORY HAYSLETTE, | ) | PROTECTIVE ORDER |
| FRANK MAZZUCCO, | ) | |
| BHUPINDER SAWHNY, | ) | |
| | ) | |
| Defendants. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Michael L. Collyer and Megan R. Miller, Assistant United States Attorneys, and hereby respectfully request that this Court issue an order pertaining to disclosures made by the United States of America to Defendants and their counsel of record in this case, employees of defense counsel of record, and other individuals engaged or employed by defense counsel of record in connection with this case (the "Defense Team") pursuant to the government's obligations under the *Jencks* Act, 18 U.S.C. § 3500 and Rule 16 of the Federal Rules of Criminal Procedure.

**I.    Motion for Protective Order**

   A.    <u>Definitions</u>

As used in this motion:

(a)    "Defense Team" shall mean: the defendants and their counsel of record in this case; employees of defense counsel of record and their associated law firms, if any; and other individuals engaged or employed by defense counsel of record in connection with this case.

(b) "Discovery Material" shall mean: all documents and electronically stored information disclosed by the Government to the Defense Team as *Jencks* material, Criminal Rule 16, or otherwise during discovery in this case.

(c) "Protected Information" shall mean: All Protected Health Information, as defined in the Health Insurance Portability and Accountability Act (HIPAA), plus all personal identifying information of individuals referenced or identified in any of the materials provided by the Government to Defendants, including but not limited to any health information connected to an individual's name; addresses; social security numbers or other identifying numbers, including HIC numbers.

B. Summary

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the Government respectfully moves this Court for a Protective Order regarding any and all Protected Information in any of the Discovery Material provided by the Government to Defendants.

It is further requested that Discovery Material shall be used solely for the purpose of conducting pretrial, trial, and appellate proceedings in this action with the exception of materials that belong to and/or were in the possession of Defendants and obtained by the United States pursuant to search warrant or other means. These materials include and are not limited to patient records, which are already subject to privacy restrictions under HIPAA. The parties recognize that Defendants may be required to use these and other materials seized by the Government, for purposes other than pretrial, trial and appellate proceedings. The parties will work together to ensure that the use of any Discovery Material at trial or any hearing will not result in the public disclosure of Protected Information or other information deemed to be inappropriate for public release.

Should the United States or Defense Team determine it necessary to share any Protected Information with potential witnesses or other parties, it is the responsibility of the disclosing party to provide a copy of this Order to the person receiving the Protected Information and ensure that they are aware that they are subject to the restrictions set forth in this Order.

Counsel for the Government has discussed these matters and the content of the proposed Protective Order with Defendants' counsel of record and they have indicated that Defendants do not object to the entry of such an order. A proposed protective order is attached.

B. <u>Justifications for Limited Disclosure</u>

Many of the materials that the Government will produce in discovery, and later as *Jencks* materials, contain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number of other identifying number, including HIC number), as well as other personal identifying information of third parties. Such materials include Federal Bureau of Investigation ("FBI") interview reports ("302s"), Health and Human Services (HHS) reports, and other discovery materials, including, among other things, patient files, insurance provider records, hospital records, and bank records. Many of these documents contain the names, social security numbers, dates of birth, addresses, telephone numbers, and detailed medical histories for anticipated witnesses and third parties. Dissemination of this confidential and sensitive information increases the risk that privacy rights would be violated.

Discovery in this case is voluminous, and confidential and sensitive information of the type described above is dispersed throughout it. Accordingly, although as a general matter this type of information can be manually redacted, the Government seeks to make such materials subject to a protective order to avoid slowing the discovery process by requiring the Government

to employ what would be a protracted redaction process for the discovery and *Jencks* productions. Discovery Material can be produced in a more timely manner if the Government is not required to undertake time-consuming redactions and is not required to analyze whether each item produced should be subject to the protective order. Placing the confidential personal information of third parties under a protective order puts the Government and Defendants in equal positions, both having full and open access to the same information. Further, a protective order serves the interest of ensuring the privacy of third parties.

**II.     Conclusion**

Accordingly, the United States hereby moves this Court to issue the attached Protective Order.

>                          Respectfully submitted,
>
>                          JUSTIN E. HERDMAN
>                          United States Attorney
>
> By:    /s/ Michael L. Collyer
>        Michael L. Collyer (OH: 0061719)
>        Megan R. Miller (OH: 0085522)
>        Assistant United States Attorneys
>        United States Court House
>        801 West Superior Avenue, Suite 400
>        Cleveland, OH 44113
>        (216) 622-3744/3855
>        (216) 522-2403 (facsimile)
>        Michael.Collyer@usdoj.gov
>        Megan.R.Miller@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on this 25th day of October 2019, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

                                                      /s/ Michael L. Collyer
                                                      Michael L. Collyer
                                                      Assistant U.S. Attorney