# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-cr-559-1 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DEEPAK RAHEJA, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On February 3, 2023, defendant Deepak Raheja ("Raheja" or "defendant") was sentenced to a term of imprisonment of 30 months, following his guilty plea to conspiracy to solicit, receive, offer and pay health care kickbacks, in violation of 18 U.S.C. § 371. (Doc. No. 324 (Judgment); *see* Doc. No. 294 (Plea Agreement); Minutes of Proceedings [non-document], 2/3/2023.)[1] Now before the Court is Raheja's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 384 (Motion).) Plaintiff United States of America (the "government") filed an opposition to the motion. (Doc. No. 388 (Response).)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the

---

[1] On February 7, 2023, defendant's judgment was amended for the sole purpose of breaking down the specific amounts of restitution owed. (*See* Doc. No. 330 (Amended Judgment), at 5. (All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.).) The amended judgment did not modify the term of imprisonment or the aggregate amount of restitution.

scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

In his motion, Raheja asks the Court to reduce his sentence under Amendment 821, suggesting that he qualifies for a sentence reduction as a "zero point offender." (*See* Doc. No. 384, at 1.) Part B of Amendment 821 creates a new U.S.S.G. § 4C1.1 that permits a two-level reduction for certain offenders with zero criminal history points.[2] U.S.S.G. § 4C1.1. The Amendment, effective November 1, 2023, was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* U.S.S.G. § 1B1.10(d) and (e)(2).

At the time of sentencing, the Court determined defendant's base offense level to be 6. (*See* Doc. No. 353 (Transcript from Sentencing Hearing), at 4; *see also* Doc. No. 326 (Final PSR), at 11 ¶ 46.) A 14-level increase was applied because the loss attributable to defendant was more than $550,000.00. (*See* Doc. No. 353, at 4; *see also* Doc. No. 326, at 11 ¶ 47.) Additional adjustments included: (1) a 2-level increase, pursuant to U.S.S.G. § 2B1.1.1(b)(7), because defendant was convicted of an offense involving a Federal Health Care Program and the loss amount was more than $1,000,000.00; (2) a 2-level increase, pursuant to U.S.S.G. § 3A1.1(b)(1), because of the

---

[2] Specifically, § 4C1.1 allows for the two-level downward adjustment provided the offender meets *all* of the following criteria: (1) the defendant did not receive any criminal history points; (2) the defendant did not receive an adjustment under § 3A1.4; (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1; (9) the defendant did not receive an adjustment under § 3A1.1; and (10) the defendant did not receive an adjustment under § 3B1.1 (aggravating role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848. *See* § 4C1.1(a)(1)–(10).

existence of vulnerable victims; (3) a 2-level increase, pursuant to U.S.S.G. § 3B1.3, because defendant abused a position of trust; and (4) a 3-level reduction for acceptance of responsibility. (*See* Doc. No. 353, at 4–5; *see also* Doc. No. 326, at 11–12 ¶¶ 48–55.) With the adjustments, the total offense level was 23. (*See* Doc. No. 353, at 5; *see also* Doc. No. 326, at 12 ¶ 56.) Raheja had no prior criminal record and, therefore, no criminal history points were scored. He was, therefore, determined to be a criminal history category I. (*See* Doc. No. 353, at 5; *see also* Doc. No. 326, at 12 ¶¶ 60–61.) The advisory guideline range at offense level 23, criminal history category I, was 46 to 57 months. (*See* Doc. No. 353, at 5; *see also* Doc. No. 326, at 17 ¶ 83.) The Court, nevertheless, accepted the terms of the parties' Fed. R. Crim. P. 11(c)(1)(C) plea agreement and varied downward 4 levels, sentencing Raheja to a term of imprisonment of 30 months. (Doc. No. 324; *see* Doc. No. 353, at 5, 22.)

Even though Raheja was assessed zero criminal history points, he is disqualified from receiving any relief under Part B of Amendment 821 because he received an adjustment under U.S.S.G. § 3A1.1(b)(1) relating to the existence of vulnerable victims, one of the nine exceptions to Part B. *See* U.S.S.G. § 4C1.1(a)(9). (*See* Doc. No. 353, at 4; *see also* Doc. No. 326, at 11 ¶ 49.) He is, therefore, ineligible for a sentencing reduction based on Part B of Amendment 821 concerning "zero point offenders."

In his motion, Raheja invites the Court to revisit the 2-level increase applied at sentencing under § 3A1.1(b)(1). He argues for the first time that the adjustment was in error and that without the adjudgment he would qualify for relief under Part B. (Doc. No. 384, 5–6.) But the Court is without authority to revisit such challenges in this proceeding. *See* U.S.S.G. § 1B1.10(b)(1) ("In making such determination, the court shall substitute only the amendments listed in subsection (d)

3

for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.") Raheja failed to object to the enhancement at the time of sentencing and may not use the present motion to relitigate issues unaffected by the recent Amendment.[3] *See United States v. Marble*, No. 2:18-cr-148, 2024 WL 534981, at *3 (E.D. Tenn. Feb. 9, 2024) (noting that § 3582 "is not a full resentencing hearing and 'correcting sentencing mistakes is outside the scope of the proceedings authorized by § 3582(c)(2)'" (quoting *United States v. Smith*, 427 F. App'x 511, 513 (6th Cir. 2011))).

Accordingly, the Court finds that Raheja is not entitled to a reduced sentence under Part B of Amendment 821. Because he is ineligible for a sentence reduction based on the Amendment, the Court does not proceed to the second step of evaluating whether the factors under 18 U.S.C. § 3553(a) justify reducing the sentence.

For the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 384) is DENIED.

**IT IS SO ORDERED**.

Dated: March 5, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] Even if the Court were permitted to conduct a plenary resentencing—and agreed with Raheja that the 2-level increase for vulnerable victims was improper—the result would still not entitle Raheja to a reduced sentence. Without the 2-level increase for vulnerable victims, and after further subtracting an additional 2 levels under Part B, Raheja's offense level would be 19. At an offense level 19 and a criminal history category I, the advisory sentencing range would be 30 to 37 months. Raheja's sentence, which was the product of a Rule 11(c)(1)(C) agreement, would already be at the lowest end of this new advisory sentencing range. As it did when Raheja was originally sentenced, the Court would find that a 30-month custody term was sufficient, but not greater than necessary, to comply with the purposes of sentencing, and that a further reduction of Raheja's sentence now would undermine the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence.